ENTREKIN AND KING *v.* STATE

No. 41897 October 16, 1961 133 So. 2d 551

November 20, 1961 134 So. 2d 926

*Johnston & Wilson,* Pascagoula, for appellant, Raymond Bernard King.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Lee, P. J.

Robert Carroll Entrekin and Raymond Bernard King were jointly indicted for the alleged robbery of Richard Spicer. The jury found them guilty, and the court sentenced each of them to a term of three years in the penitentiary.

The version of Spicer, the victim, was that the two defendants came to him after he had drunk several bottles of beer and while he was playing pool at the Tide in Ocean Springs late at night, and invited him to go with them to Earl Bond's Place, several miles away. He got into the car, sitting on the front seat between them. On the way, they stopped the car, told him to get out, and demanded his money. Although he had $30 in his billfold, he told them that he did not have any money. They thereupon knocked him down, got his money, beat and "stomped" him, and left him by the side of the road. A short time later, John and Kenneth Spratlin, father and son, driving along the road, heard the injured man calling for help, and carried him to Earl Bond's Place. The next day, the Spratlins found Spicer's driver's license and billfold in the weeds about twenty or thirty feet from the place where he was lying. Of course there was no money in the billfold at the time. Spicer positively identified both defendants as the robbers.

Neither of the defendants testified. Their defense was an alibi, and several witnesses testified in support of

that claim. However, on cross-examination, some of them became confused as to the dates when they saw the defendants, and others were shown to have made different statements. Thus the defense of an alibi lost much of its potency.

No brief was filed for Entrekin; but a brief was filed for King, contending that he was entitled to a directed verdict, that the verdict was contrary to the great weight of the evidence, and that errors were committed during the trial. The Court has diligently studied and considered the record in this case and finds no error therein. The evidence did not warrant the granting of a directed verdict for the defendants or either of them, and the verdict was not contrary to the great weight of the evidence. The issue, as made, was for the jury and was properly submitted to it.

From which it follows that the judgment and sentence of the trial court must be affirmed.

Affirmed.

*Gillespie, McElroy, Rodgers,* and *Jones, JJ.,* concur.

## ON APPLICATION FOR PERMISSION TO FILE PETITION FOR A NEW TRIAL ON THE GROUND OF NEWLY DISCOVERED EVIDENCE

Raymond Bernard King, whose conviction for the offense of robbery, along with that of his co-indictee, Robert Carroll Entrekin, was affirmed October 16, 1961, proceeding under Sec. 1992.5, Code of 1942, Rec., has filed an application for permission and authority to present to the trial court his motion for a new trial on the ground of newly discovered evidence. He attached to the application three separate sworn affidavits substantially to the following effect:

(1) Rodney Engbath, an inmate of the Veterans' Hospital in Biloxi, but out on a pass the night of October 29, 1960, says that he was in the Tide in Ocean Springs for several hours that evening, and that he remained

there until midnight; that some stranger was talking to Red Spicer and that the two left and he did not see Spicer anymore that night; and that Ray King was not in the place during the time that deponent was there.

(2) Mrs. Jerry Parson was working as a waitress in the Tide that night. The restaurant was crowded. Red Spicer came into the place about 9:30, and, to the best of her recollection, he stayed there about one and a half hours, but she was not positive about it. She knows Ray King personally and always waits on him when he is served in the cafe, and is convinced that if he had come into the place that night, she would have seen him.

(3) Leon Lambert was serving as a deputy sheriff that night and says that he saw Red Spicer at Earl Bond's filling station; that he was in an intoxicated condition, claiming to have been robbed and beaten, but, in the deponent's opinion, he was more intoxicated than beaten; and that he made changes in his identity of the assailants, and indicated that he did not know who they were.

As to affidavit (1), the trial record shows that Spicer testified on the trial that King and Entrekin approached him in the Tide between 1:30 and 2 o'clock in the morning and invited him to go with them to Earl Bond's place, and that, on this trip, they robbed and beat him. Thus, the version set forth in this affidavit would not even conflict with Spicer's version as it was given from the witness stand.

As to affidavit (2), Mrs. Parson's statement is pure opinion. She is not certain about anything. However, if any diligence whatever had been used, whatever she knew, whether admissible or not, would have been disclosed.

As to affidavit (3), Deputy Sheriff M. D. Johnson testified on the original trial that he was on the way to the scene of the alleged robbery; that he received information that the injured man was in such a bad state that

he gave instructions to pick the man up in an ambulance and carry him to the hospital; that he went to the hospital later, and found Spicer in such a state of shock and suffering so badly that he was unable to get any statement out of him at that time; and that he had to wait until the next morning to do so. This purported evidence would be only impeaching in character—and slight at that. Besides, the exercise of any diligence whatever would have required the defendant or his counsel to interview the officers who actually picked up the injured man.

 This purported new evidence is insufficient. It certainly does not attain such degree of proof as to give rise to grave doubts of King's guilt, or to raise a reasonable probability that, if presented in a new trial, it would cause a jury to reach a different verdict. Lang v. State, 230 Miss. 147, 87 So. 2d 265, 92 So. 2d 670, and authorities there cited.

Consequently the application must be denied.

Application denied.

*Arrington, Ethridge, McElroy* and *Rodgers, JJ.,* concur.